THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00034-MR-DLH

| | |
|---|---|
| THOMAS H. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| U.S. GEAR TOOLS, INC., TEXTRON, ) | |
| INC., and MICROMATIC, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Voluntarily Dismiss Claims without Prejudice [Doc. 51]; and the Defendants' Motion for a Fed. R. Civ. P. 35 Medical Examination [Doc. 54].

**I.     PROCEDURAL BACKGROUND**

The Plaintiff Thomas Price initiated this action against the Defendants U.S. Gear Tools, Inc., Textron, Inc., and Micromatic, LLC on February 19, 2015, asserting claims for injuries allegedly arising from exposure to toxic chemicals, including tetrachloroethylene (also known as perchloroethylene or "PCE"), which the Plaintiff claims leached from the Defendants' manufacturing plant into the Plaintiff's well water. [Doc. 1]. The Plaintiff's wife and son also brought civil actions, seeking damages for similar injuries.

[See Civil Case No. 1:15-cv-00033-MR-DLH; Civil Case No. 1:15-cv-00035-MR-DLH].

The Court entered a Pretrial Order and Case Management Plan on April 23, 2015, giving the Plaintiff until September 1, 2015 to designate experts, setting a discovery deadline of March 1, 2016, and setting this matter for trial during the first mixed trial session on or after August 29, 2016. [Doc. 16].

On July 24, 2015, the Plaintiff moved for a 90-day extension of the expert report deadlines, citing the need for additional groundwater testing. [Doc. 19]. On July 31, 2015, the Magistrate Judge granted the motion, extending the Plaintiff's deadline for filing expert reports until December 2, 2015 and extending the Defendants' deadline until January 15, 2016. [Doc. 22]. On November 13, 2015, the Plaintiff filed a motion[1] to file an amended complaint and to add Kearfott Corporation as a party defendant due to "its suspected role in the contamination of Plaintiff's property." [Doc. 29-1 at 8]. Additionally, the Plaintiff requested that the Court extend the discovery period to provide adequate time for the parties to conduct additional

---

[1] The Plaintiff originally filed this motion on November 11, 2015 [Doc. 24], but that motion was denied without prejudice for failing to comply with the requirements of the Local Rules. [Doc. 27].

discovery. [Id. at 10-11]. For grounds, the Plaintiff asserted that the North Carolina Department of Environmental and Natural Resources (NCDENR) had conducted extensive groundwater testing of the area around the Plaintiff's home, and that the preliminary results from this testing indicated a large and dense plume of PCE directly between Defendants' plant and Kearfott Corporation's plant located to the northeast of the Plaintiff's property. The Plaintiff asserted, however, that NCDENR had not yet released its final report regarding the contamination, and thus additional time was necessary for the parties to obtain these results. [Id. at 4].

The Plaintiff subsequently filed a consent motion for another extension of the expert report deadline until after the Court ruled on the Plaintiff's motion to amend. [Doc. 36]. The Magistrate Judge granted the Plaintiff's motion to extend the expert report deadline pending his ruling on the motion to amend, extending the expert report deadline for a period of 45 days, up to and including January 8, 2016. [Doc. 37].

On December 18, 2015, the Magistrate Judge granted the Plaintiff's motion to amend, giving the Plaintiff ten (10) days to file an amended complaint. [Doc. 41].

On December 28, 2015, the Plaintiff filed a Status Report. Specifically, the Plaintiff advised that NCDENR released its final report on December 17,

3

2015, and that this report confirmed that the groundwater in the relevant area flows from the current Defendants' property towards the Plaintiff's well, and not from Kearfott Corporation's property. In the Plaintiff's view, this data "exonerate[ed] Kearfott Corporation from the contamination of Plaintiff's property . . . ." [Doc. 42 at 3]. Having no evidence linking the contamination to Kearfott Corporation, the Plaintiff advised the Court that he did not intend to add Kearfott Corporation as a party to this action. [Id. at 3-4].

The Plaintiff's Status Report prompted the Defendants to file a Motion for Order to Show Cause. [Doc. 46]. In their motion, the Defendants asserted that the Plaintiff's motion to add Kearfott Corporation as a defendant to this action was for the improper purpose of delaying this litigation in order to obtain additional time for the Plaintiff to serve his expert reports. The Defendants therefore requested that the Court order the Plaintiff's counsel to show cause why they should not be directed to produce for in camera inspection their communications with any expert witnesses and any documents in their possession related to Kearfott Corporation. [Id.].

On January 26, 2016, the Plaintiff filed the present motion to dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For grounds, the Plaintiff asserts that while "Plaintiff's attorneys have worked diligently to causally relate the Prices' daily

consumption of PCE and their cancers in a manner that satisfies the Daubert standards . . . , Plaintiff's consultants and experts are not confident that the current state of medical knowledge and research provides a sufficient basis to render opinions that effectively exclude all other alternative causes for the Price[s'] cancers." [Doc. 51-1 at 2-3].

The Defendants oppose the Plaintiff's Motion and request that it be denied outright. Alternatively, the Defendants request that should the Court grant the Plaintiff's motion, they be awarded costs and be permitted to use the discovery obtained to date in any future action. [Doc. 56].

While the Plaintiff's Motion to Voluntarily Dismiss was pending, the Defendants filed a motion for an Order compelling the Plaintiff to appear for and submit to a physical examination. [Doc. 54].

On February 19, 2016, the Magistrate Judge extended the scheduling deadlines in this case, as well as in Civil Case Nos. 1:15-cv-00033-MR-DLH and 1:15-cv-00035-MR-DLH, so that the discovery deadline is now May 1, 2016; the motions deadline is June 1, 2016; and trial is scheduled for the first mixed term on or after October 31, 2016. [Doc. 58]. Further, on March 2, 2016, the Magistrate Judge denied the Defendants' motion to issue a show cause order, finding the motion to be without merit. [Doc. 64].

## II.  DISCUSSION

Under the Federal Rules of Civil Procedure, a plaintiff has an absolute right to dismiss an action without prejudice at any point until the defendant either answers the complaint or moves for summary judgment.  Fed. R. Civ. P. 41(a)(1).  Otherwise, dismissal is permitted only by court order "on terms that the court considers proper" or by stipulation of the parties.  Fed. R. Civ. P. 41(a)(2); Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).

The Fourth Circuit has made clear that a plaintiff's motion for a dismissal without prejudice "should not be denied absent *substantial* prejudice to the defendant."  Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986) (emphasis added).  As the Fourth Circuit has stated:

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced.  To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice.

Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987)

In determining whether to grant a plaintiff's motion to dismiss, the Court should consider the following factors: (1) "the opposing party's effort and

6

expense in preparing for trial"; (2) "excessive delay and lack of diligence on the part of the movant"; (3) "insufficient explanation of the need for a voluntary dismissal"; and (4) "the present stage of litigation." Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir. 2004).

Applying these factors to the present case, the Court concludes that a dismissal without prejudice would not substantially prejudice the Defendants. While the Defendants have incurred some expense in conducting discovery, no medical depositions have been taken and the Defendants have not yet named or produced any causation or medical expert witnesses or produced any expert reports. Further, the Plaintiff consents to the Defendants' request that any discovery taken in this action may be used in Civil Case No. 1:15-cv-00035-MR[2] or any re-filed action. Thus, the Defendants could still benefit from and utilize all of their preparation and discovery generated in the present action.

Turning to the other factors, the Court notes that the Plaintiff's cited reason for the dismissal, the failure to obtain a causation expert, does not appear to be the result of any lack of diligence on the Plaintiff's part. The

---

[2] Thomas Price, as the Administrator of the Estate of Aaron V. Price, deceased, the Plaintiff in Civil Case No. 1:15-cv-00033-MR-DLH, is also seeking a dismissal of his civil action without prejudice.

7

Plaintiff appears to have been diligent in his search for a qualified expert to render such opinions. In the meantime, the Plaintiff has complied with all scheduling order deadlines to date and timely has sought extensions of such deadlines as necessary. Further, this case is still in the discovery phase. The deadline for discovery has been extended and is approximately two months away, and dispositive motions have yet to be filed. Under these circumstances, the Plaintiff's motion cannot be said to be dilatory or to cause a waste of judicial resources. See, e.g., Miller, 114 F. App'x at 540 (affirming district court's decision that plaintiff's motion for voluntary dismissal was "untimely and would waste judicial resources" because the motion was filed well after discovery had closed and a dispositive order was imminent).

The Defendants argue that they "were months away from defeating Plaintiff's claims once and for all, only for Plaintiff to take this opportunity away on the faulty premise that some undefined future scientific advancement might entitle Plaintiff to pursue a claim." [Doc. 56 at 8]. Depriving the Defendants of an opportunity to file a motion for summary judgment, however, does not constitute substantial prejudice. See Fidelity Bank PLC v. N. Fox Shipping N.V., 242 F. App'x 84, 89 (4th Cir. 2007) (holding that "the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice") (quoting Andes, 788

F.2d at 1036 n.4) (internal quotations and alterations omitted)). Further, the Defendants are not substantially prejudiced merely because the Plaintiff may re-file his action at a subsequent date. See Howard v. Inova Health Care Servs., 302 F. App'x 166, 179 (4th Cir. 2008) ("It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation.") (quoting Davis, 819 F.2d at 1274-75).

As requested by the Defendants, the dismissal without prejudice shall be granted upon the conditions that (1) the Plaintiff pay the taxable costs incurred by the Defendants in this matter, and (2) any discovery material developed in this action to date can be used in Civil Case No. 1:15-cv-00035-MR-DLH or in any subsequently filed action. See Davis, 819 F.2d at 1276 (noting that requiring payment of taxable costs and agreement to use of discovery are conditions which "should be imposed as a matter of course in most cases").

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Voluntarily Dismiss Claims without Prejudice [Doc. 51] is **GRANTED**, and this case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendants' Motion for a Fed. R. Civ. P. 35 Medical Examination [Doc. 54] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the costs of this action are taxed against the Plaintiff. The Defendants shall submit a bill of costs within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: March 3, 2016

Martin Reidinger
United States District Judge